## R. N. BEAUVAIS *vs.* PORTER & OGDEN.

The Court refused to allow an account which had been settled between the parties and the balance paid, to be reopened, the plaintiff showing no fraud or mistake in the settlement. Plaintiff non-suited.

This case was briefly as follows:—The defendants were charged with receiving the brig "Widgeon" and cargo on consignment from the master of the vessel, he having put into Honolulu, (on a voyage from Sydney to San Francisco,) where his vessel was condemned. And also with sacrificing the cargo, which was mostly coals, and not perishable, by a sale at public auction, without awaiting the instructions of the owner, Beauvais, who was in San Francisco anxiously looking for the "Widgeon's" arrival. For this illegal sale of the cargo, etc., the plaintiff claimed damages in the sum of eight thousand six hundred dollars.

In the course of the plaintiff's evidence he was compelled to offer a settled account between the parties, to show what goods the defendants had received.

The defendants' counsel moved for a nonsuit, on the ground that the plaintiff himself has produced a settled account between the parties covering the whole of this transaction, and consequently is barred from opening that account and claiming damages in this action.

CHIEF JUSTICE LEE delivered the opinion of the court in substance as follows:—The genius of the law is opposed to all estoppels, and does not favor the doctrine of admissions, verbal or written, when they go to preclude a party from an investigation of the truth. But, to say that when an account is once settled between parties, and the balance paid, we may open it again, and go into the matter *de novo,*

without first showing fraud or some mistake, would be to establish a most mischievous doctrine—one that would introduce alarm and uncertainty into all the business transactions of life; and one equally opposed to both law and equity. When accounts have once been settled between parties, courts will not unravel them unless for the most urgent reasons.

In this case the account has been settled, and the balance paid by plaintiff, and there is no show of any fraud, mistake or accident in the settlement. The plaintiff, without any deception on the part of the defendants, without duress, and with a full knowledge of all the facts and circumstances of the case, has seen fit to settle this account; and for this court to say that this settlement is not final and conclusive upon the parties, would be to run counter to reason and the long established principles of the law. When fraud or mistake is shown, then clearly we may go behind the settlement and correct the errors; but that is not the case in hand.

Motion for nonsuit granted.

Mr. Montgomery and Mr. Burbank for plaintiff.

Mr. Bates and Mr. Blair for defendants.